IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl Samson, ) | C/A No. 0:13-1650-RMG-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Steve Mora, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Carl Samson ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution Estill ("FCI Estill"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Petitioner indicates that he is challenging prison conditions in the Special Housing Unit ("SHU"). (ECF No. 1-2 at 1.) Petitioner alleges placement in SHU on December 8, 2012, "for purported drug charges while at visitation." (Id. at 8; ECF No. 1 at 1.) Petitioner further claims that the government's failure to formally charge him within seventy-one (71) days violates Petitioner's due process rights under the Speedy Trial Act. (ECF No. 1-2 at 8.) Petitioner seeks transfer from SHU as relief. (Id.)

On July 3, 2013, Petitioner filed a Motion for Judicial Notice. (ECF No. 6.) Petitioner asks this court to take judicial notice "because the FBI or the Government has failed to charge him within 71 days." (Id.)




II.     Discussion

    A.     **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

   **1.     Petitioner may not challenge the conditions of his confinement under § 2241.**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Moreover, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper method to challenge the execution of a federal sentence such as the administration of parole, sentence computation by prison officials, or prison disciplinary actions. United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). However, a challenge to prison conditions, which do not affect the fact or length of a prisoner's custody, are properly raised through a civil rights action. Preiser, 411 U.S. at 499; Lee v. Winston, 717 F.2d 888 (4th Cir. 1983) (concluding that a claim unrelated to the legality of a prisoner's confinement was cognizable under 42 U.S.C. § 1983, but not under 28 U.S.C. § 2254); see also Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005) (claim for deliberate indifference to a prisoner's medical needs not cognizable in a habeas petition, where release from custody was not an available remedy); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate"); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (*per curiam*) (if a favorable resolution



of the action would not automatically entitle the prisoner to release, the proper vehicle is a civil rights action).

In the instant action, Petitioner challenges a condition of his confinement, placement in SHU, which has no bearing on the legality, duration, or execution of his sentence. Accordingly, Petitioner's habeas corpus petition pursuant to § 2241 must be summarily dismissed.

**2.     Petitioner has not demonstrated exhaustion of administrative remedies.**

Although § 2241 itself does not contain an exhaustion requirement, courts typically require a federal prisoner to exhaust his administrative remedies before bringing a claim under that statute. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973); McClung v. Shearin, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)). Here, the face of the Petition shows that Petitioner has not exhausted his administrative remedies available through the prison's grievance procedure regarding his SHU placement. Therefore, the petition is subject to summary dismissal for Petitioner's failure to exhaust administrative remedies in this case.

PJG

### III.  Conclusion

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.  The court further recommends that Petitioner's Motion for Judicial Notice be terminated.  (ECF No. 6.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 27, 2013
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).