IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carl Samson, | ) | C/A No. 0:13-1650-RMG |
|       Petitioner, | ) | |
| v. | ) | **ORDER** |
| Steve Mora, Warden, | ) | |
|       Respondent. | ) | |

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge ("R&R") recommending that the Court dismiss this action without prejudice and without requiring Respondent to file a return. (Dkt. No. 15). For the reasons set forth below, the Court adopts the R&R as the order of the Court.

## Background

The petitioner, Carl Samson ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution Estill ("FCI Estill"), filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conditions of confinement. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC, this case was automatically referred to a Magistrate Judge for pretrial handling. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of this pro se petition pursuant to the Rules Governing Section 2254 proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review was conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25

1

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Following her review, the Magistrate Judge issued an R&R recommending that this case be dismissed without prejudice and without requiring Respondent to file a return. (Dkt. No. 15). Petitioner failed to file timely objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

The Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss this petition because Petitioner cannot challenge the conditions of his confinement under § 2241 and Petitioner has not demonstrated exhaustion of administrative remedies. As the Magistrate Judge explained, challenges to prison conditions which do not affect the fact or length of a prisoner's custody are properly raised through a civil rights action and not by a § 2241 petition. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983). Further, the Court agrees with the Magistrate Judge's finding that Petitioner has not demonstrated exhaustion of administrative

remedies, a requirement for filing a § 2241 petition. *McClung v. Shearin*, 90 Fed. App'x 444, 445 (4th Cir. 2004).

## Conclusion

After reviewing the record and the R&R, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore adopts the R&R as the Order of the Court. (Dkt. No. 15). Accordingly, the Court DISMISSES this action without prejudice and without requiring Respondent to file a return. Further, Petitioner's motion for judicial notice, (Dkt. No. 6), is DENIED as moot.

**AND IT IS SO ORDERED**

_____
Richard Mark Gergel
United States District Court Judge

September 23, 2013
Charleston, South Carolina

3